```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
    CANON FINANCIAL SERVICES,        1:19-cv-20919-NLH-KMW
    INC.,
                                              OPINION
              Plaintiff,

         v.

    EDWIN F. KALMUS, LC; JOAN
    GALISON; LEON GALISON; and
    EDWIN F. KALMUS & CO., INC.,

              Defendants.
```

**APPEARANCES:**

AMAR ANAND AGRAWAL
EISENBERG, GOLD & AGRAWAL, PC
1040 KINGS HIGHWAY NORTH
SUITE 200
CHERRY HILL, NJ 08034

   *Attorneys for Plaintiff.*

DOUGLAS F. JOHNSON
EARP COHN P.C.
20 BRACE ROAD
4TH FLOOR
CHERRY HILL, NJ 08034

   *Attorneys for Defendants/Third Party Plaintiffs.*

TREVOR J. COONEY
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
PO BOX 3000
HADDONFIELD, NJ 08033-0968

   *Attorneys for Third Party Defendant Canon Solutions America, Inc.*

**HILLMAN**, District Judge

This matter comes before the Court on Plaintiff Canon Financial Services, Inc.'s ("Plaintiff") motion to remand this matter to the Superior Court of New Jersey (ECF No. 9) (the "Motion").  Defendants Edwin F. Kalmus, LC; Joan Galison; Leon Galison; and Edwin F. Kalmus & Co., Inc. (collectively, "Defendants") oppose Plaintiff's Motion.  For the reasons that follow, Plaintiff's Motion will be granted and this matter will be remanded to the Superior Court.

## BACKGROUND

On October 21, 2019, Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey seeking to collect on lease agreements and guarantees that Defendants allegedly defaulted on.  All Defendants were served with process on or before October 31, 2019.  On December 2, 2019, Defendant Joan Galison removed this action, alleging the Court could exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (ECF No. 1) (the "Notice of Removal").  The parties do not contest – and Plaintiff in fact concedes - that diversity of citizenship amongst the parties is complete and the amount in controversy requirement has been met.

The Notice of Removal purports to have been filed on behalf of "Defendant, Joan Galison" (ECF No. 1 at 1).  The Notice of

2

Removal states that "Defendant Joan Galison hereby removes [this action] and all claims and causes of action therein to the United States District Court for the District of New Jersey." (ECF No. 1 at 1).  The Notice of Removal further recites that "[a]ll Defendants consent to the removal of this action to this Court."  (ECF No. 1 at ¶19).  Counsel signed the notice of removal on behalf of "Defendant Joan Galison" but has entered appearances on behalf of all Defendants in this matter.  See (ECF No. 1 at 5).

On December 20, 2019, Plaintiff filed the present Motion to remand.  (ECF No. 9).  Thereafter, on December 23, 2019, all Defendants filed a document confirming they had all previously consented to removal.  (ECF No. 12).  On January 1, 2020, Defendants opposed Plaintiff's remand Motion.  (ECF No. 19). Plaintiff replied on January 27, 2020.  (ECF No. 21).  As such, the Motion is fully briefed and ripe for adjudication.

## DISCUSSION

### I. Plaintiff's Motion

Plaintiff first argues that remand is necessary because the Notice of Removal suffers from a procedural defect, namely, all properly joined Defendants failed to timely consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A).  Second, Plaintiff argues that a forum selection clause in the parties'

3

agreements requires remand as Defendants, in acquiescing to that forum selection clause, waived their right to remove this action from the Superior Court.  Third, Plaintiff seeks attorneys' fees and costs associated with the removal and remand Motion.

Defendants argue that their Notice of Removal – filed by counsel for each of them - should be understood as sufficiently advancing the position of all Defendants, despite it only naming one of them.  Moreover, Defendants argue that, even if some confusion existed, they cured that confusion by confirming their consent to removal only several days outside of the permissible timeframe.  As for the forum selection clause, Defendants argue the clause does not explicitly bar removal, is ambiguous, and should be construed against its drafter, Plaintiff.  Therefore, Defendants argue Plaintiff need not be awarded fees.  The Court addresses each of these disputes in turn.

A. 28 U.S.C. § 1446(b)(2)(A)

Subject to certain exceptions established by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "When a civil action is removed solely under section

4

1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This has been termed the "rule of unanimity." Failure of all defendants to join in removal creates a defect in removal procedure within the meaning of 28 U.S.C. § 1447(c). Balazik v. Cty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). The failure of all defendants to join in or consent to removal is a procedural defect rather than a jurisdictional one. Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 516 (D.N.J. 2012) (citations omitted). Failure to timely or adequately consent to removal functions as a procedural bar to removal, which may be disregarded under only limited circumstances. Id. (citations omitted) (recognizing that the rule of unanimity may be disregarded when (1) a non-joining defendant is unknown or is a nominal party; (2) where a defendant has been fraudulently joined; or (3) where a nonresident defendant has not been served at the time the notice of removal is filed).

Where a procedural defect in the removal process exists, a motion to remand the case may be made within 30 days after the filing of the notice of removal. Id. (quoting 28 U.S.C. § 1447(c)). Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and

5

the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand.  See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990));  Michalak v. ServPro Indus., Inc., No. 18-cv-1727 (RBK/KMW), 2018 WL 3122327, at *2 (D.N.J. June 26, 2018) (quoting USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003)).  The Third Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

It is well settled that under 28 U.S.C. § 1446, all defendants must join in or consent to removal pursuant to the rule of unanimity.  Michalak, 2018 WL 3122327, at *4.  At issue in this case is on what timeline, and in what form that consent must be provided.  As Plaintiff correctly notes, this Court and courts in this District have previously explained that unless an exception applies, "the rule of unanimity requires that all defendants 'join in the notice of removal or give their consent

6

*within the thirty day period* for the removal to be proper.'" Cacoilo, 902 F. Supp. 2d at 518-19; Hicks v. Monaco Coach Corp., No. 06-3949, 2006 WL 3780703, at *3 (D.N.J. Dec. 21, 2006) (citing Ogletree v. Barnes, 851 F. Supp. 184, 186-87 (E.D. Pa. 1994)) (finding a defendant's consent submitted beyond the 30-day period was defective because "all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b)").  More recently, however, Courts in this District have validly questioned whether the thirty-day window set forth in 28 U.S.C. § 1446(b) applies equally to an earlier-served defendant's joinder in a later-served defendant's notice of removal, an issue unresolved by our Court of Appeals.  Michalak, 2018 WL 3122327, at *4 (citing Siebert v. Norwest Bank, 166 Fed. App'x 603, 607 n.2 (3d Cir. 2006)) (questioning whether notice of consent must be submitted within thirty days, noting a lack of clarity in the issue, and declining to resolve it).  On at least one occasion, the Third Circuit has found that Section 1446(b) plainly speaks to the requirements for "filing a notice of removal; it does not speak to joinder in another defendant's notice of removal."  Delalla v. Hanover Ins., 660 F.3d 180, 188 (3d Cir. 2011); Michalak, 2018 WL 3122327, at *4; see Griffioen v. Cedar Rapids and Iowa City Ry. Co., 785 F.3d 1182, 1186 (8th

7

Cir. 2015) (holding all parties must support the removal notice in writing, but that said writing may come after the 30-day removal period ends).

In Michalak, Judge Kugler expressed a view that potential Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendants' notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent. Michalak, 2018 WL 3122327, at *5 (citing Griffioen, 785 F.3d at 1187). While these safeguards may, at times, be insufficient, "as long as the removing defendant's codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." Id. (quoting Griffioen, 785 F.3d at 1188). Thus, Judge Kugler found that where a defendant's removal notice is timely, and that removal notice is "[f]ollowed by the filing of a notice of consent from the codefendant itself, [the defendant] sufficiently establishes the codefendant's consent to removal." Id. (quoting Griffioen, 785 F.3d at 1188); but see Estate of Dean v. New Jersey, No. 12-cv-00505 JAP, 2012 WL 1900924, at *2 (D.N.J. May 24, 2012) (finding properly joined defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period

set forth in 28 U.S.C. § 1446(b) in order to perfect removal). Finding Michalak persuasive, the Court finds remand on this basis is unwarranted. Defendants provided clear notice of their consent to removal just days after Plaintiff suggested lack of clarity on the issue. As such, the Court finds the analysis must continue.

B. The Relevant Forum Selection Clause Bars Removal

Next, Plaintiff argues that a forum selection clause agreed upon by the parties prevented removal and requires remand. Defendants argue the forum selection clause does not explicitly bar removal, and even if it could be read to operate in that fashion, such operation was clearly ambiguous and unclear. The Court agrees with Plaintiff that the forum selection clause precluded removal, and therefore, remand is appropriate.

"[A] defendant can contractually waive his right to remove . . . an action brought . . . in a state court." New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 547 (3d Cir. 2011) (quoting 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3721, at 97 (4th ed. 2009)). Such waivers are usually upheld if they are reasonable and voluntary and if their enforcement is not inconsistent with public policy. Id. (citations omitted). In determining whether parties have contractually waived the right

9

to remove to federal court, a court should "simply . . . us[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions."  Merrill Lynch & Co., 640 F.3d at 548 (quoting Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1217 n.15 (3d Cir. 1991)).

The relevant forum selection clauses at issue in this matter provide as follows:

> The rights of the parties under this agreement shall be governed by the laws of the State of New Jersey without reference to conflict of law principles, and action between Customer[/Guarantors] and [Canon] shall be brought in any state or federal court located in the County of Camden or Burlington, New Jersey, or at [Canon's] sole option, in the state where [Customer/any Guarantor] or the equipment is located.  Customer[/Guarantors], by its[/their] execution and delivery hereof, irrevocably waive[(s)] objections to the jurisdiction of such courts and objections to venue and convenience of forum.

Plaintiff directs this Court to InterDigital, Inc. v. Wistron Corp., No. 15-478-LPS, 2015 U.S. Dist. LEXIS 78805, 2015 WL 4537133 (D. Del. June 18, 2015) in advancing its argument. In InterDigital, the court addressed the following contractual forum section clause language: "The Parties irrevocably consent to exclusive jurisdiction and venue of the state and federal courts in the State of Delaware . . . ."  Id. at *1.  The court focused on the words "irrevocably consent" and found the clause "constitute[d] a waiver of the right to remove to federal court

10

if a party files suit in a Delaware state court." Id.

Plaintiff also relies on E.I. Du Pont de Nemours & Co. v. Quality Carriers, Inc., 10-cv-534-SLR, 2011 WL 776211 (D. Del. Feb. 28, 2011). There, the court interpreted the following forum selection clause language:

> The Parties hereby reciprocally and irrevocably waive in advance any and all objections to the Delaware courts as forums based upon any question of venue; the doctrine of forum non conveniens; the present or future pendency of any other case or proceeding elsewhere; the compulsory counterclaim rule or any other doctrine, statute, rule of practice or fact.

Id. at *2. That language, the court found, "contemplates that neither party may raise an objection to the plaintiff's chosen forum so long as the action is filed in Delaware." Id. a *3. Courts in this District have reached similar conclusions under similar circumstances. See, e.g., Gust v. USFalcon, Inc., No. 09-cv-3307(MLC), 2009 WL 3234697, at *2 (D.N.J. Sept. 28, 2009).

The Court finds the forum selection clause at issue in this case precludes removal once an action was filed in an appropriate forum. Similar to the forum selection clauses at issue in E.I. Du Pont and InterDigital, Defendants in this action "irrevocably waive[d]" their right to challenge forum where an action was brought in either a New Jersey State or Federal District Court sitting in Camden or Burlington counties. Because an appropriate forum was selected upon initiation of

11

this action by Plaintiff, Defendants agreed, through the forum selection clause, not to object to that selection; such necessarily includes a waiver of the right to change that forum. As such, this matter will be remanded to the Superior Court of New Jersey.

C. Fees

If a court determines remand is appropriate, it may require the removing party to pay the objection parties costs and expenses, including attorney fees, incurred as a result of the improper removal.  28 U.S.C. § 1447(c).  The Court has broad discretion over whether to require the payment of costs and expenses.  Gust, 2009 WL 3234697, at *2 (citing Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996)).  The issue of whether removal was appropriate in this case was entirely straightforward and turned on this Court's interpretation of the parties' agreed-upon contract.  Finding the issue to have been genuinely disputed, the Court declines award fees, costs, and expenses.  While the matter will be remanded, fee, costs, and expenses will not be charged to Defendant.

12

## CONCLUSION

For the reasons expressed above, Plaintiff's Motion (ECF No. 9) will be granted and this matter will be remanded to the state court.  An appropriate Order will be entered.

Date: July 27, 2020           s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.